UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CIVIL FILE NO. 16-CV-1966 SRN-KMM

Tamara Jax,

           Plaintiff,

v.                              **RULE 26(f) REPORT**

loanDepot.com, LLC,

           Defendant.

---

The parties/counsel identified below conferred as required by Fed. R. Civ. P. 26(f) and the Local Rules, on **September 14, 2016**, and prepared the following report.

The initial pretrial conference required under Fed. R. Civ. P. 16 and LR 16.2 is scheduled for **September 29, 2016**, before the United States Magistrate Judge Kate Menendez in Courtroom 8E, United States Courthouse, 300 South 4th Street, Minneapolis, Minnesota 55415.

Description of the Case.

    (1)    Concise factual summary of plaintiff's claims:

**Plaintiff brings this action against Defendant for its alleged violations of the Fair Credit Reporting Act ("FCRA"), by Defendant's repeated illegal obtaining and using of Plaintiff's consumer reports outside the permission impliedly or expressly granted by Plaintiff's two loan applications.**

    (2)    Concise factual summary of defendant's claims/defenses:

**Defendant loanDepot.com, LLC ("loanDepot") denies any liability in this matter. More specifically, loanDepot had a permissible purpose to obtain Plaintiff's consumer report because Plaintiff applied for multiple loans through loanDepot.**

    (3)    Statement of jurisdiction (including statutory citations):

**Jurisdiction of this Court arises under 15 U.S.C. §1681 and 28 U.S.C § 1331.**

    (4)    Summary of factual stipulations or agreements:

**None.**

    (5)    Statement of whether a jury trial has been timely demanded by any party:

**Plaintiff has demanded a jury trial.**

    (6)    Statement as to whether the parties agree to resolve the matter under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota, if applicable:

**The parties do not agree to resolve this matter under the Rule of Procedure for Expedited Trials of the United States District Court, District of Minnesota.**

    (7)    Statement as to Statement as to whether all process has been served, all pleadings filed and any plan for any party to amend pleadings or add additional parties to the action:

**All process has been served.**

Fact Discovery.

    The parties recommend that the Court establish the following fact discovery deadlines and limitations:

    (1)    The parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before **September 29, 2016**. If the parties plan to disclose documents by a description by category and location of documents. They will exchange copies of initial disclosure documents on or before **September 29, 2016**.

    (2)    The parties must commence fact discovery procedures in time to be completed by **May 1, 2017**. The parties will discuss whether a date for the substantial production of documents should be set within the fact discovery period, to facilitate the taking of depositions.

    (3)    The parties have discussed the scope of discovery including relevance and proportionally and propose that the Court limit the use and numbers of discovery procedures as follows:

    (A)    <u>25</u>    interrogatories;
    (B)    <u>25</u>    document requests. The parties understand that objections to document requests must meet requirements of amended Rule 34(b)(2)(B). If the responding party is producing copies of documents or copies of

  electronically stored information and the copies are not produced with the responses, another reasonable time must be specified in the response.  If the requesting party disagrees that this is reasonable, the parties must meet and confer to agree on the timetable for production.

(C) <u>25</u> requests for admissions.  The parties have discussed a protocol for the authentication of documents and agree on the following:

(D) <u>8</u> factual depositions;

(E)  The parties have discussed the taking of depositions pursuant to Rule 30(b)(6) and present the following agreement:

(F) <u>N/A</u> Rule 35 medical examinations; and

(G)  _____other.

Expert Discovery.

(1) The parties do not anticipate that they will require expert witnesses at the time of trial.

 (A) The plaintiff only anticipates calling a rebuttal expert.
 (B) Defendant only anticipates calling a rebuttal expert.

(2) The parties propose that the Court establish the following plan for expert discovery:

 (A) Initial experts.

  (i) The identity of any expert who may testify at trial regarding issues on which the party has the burden of persuasion must be disclosed on or before **December 1, 2016.**

  (ii) The initial expert written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before **December 1, 2016**.

 (B) Rebuttal experts.

  (i) The identity of any experts who may testify in rebuttal to any initial expert must be disclosed on or before **January 15, 2017**.

  (ii) Any rebuttal expert's written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before **January 15, 2017**.

(3) All expert discovery must be completed by **April 15, 2017**.

121704633v2 0988341

Other Discovery Issues.

(1) Protective Order.

The parties have discussed whether they believe that a protective order is necessary to govern discovery and will jointly submit a proposed protective order/report identifying any areas of disagreement.

(The parties are encouraged, though not required, to use Form 6 as a template for a proposed protective order.)

If a proposed Protective Order is sought, the parties must also insert the following provision into their proposed protective order:

> In connection with any motion filed with this Court, only those portions of a party's submission (e.g. memorandum of law, affidavit, and exhibits) which meet the requirements for treatment of protection from public filing (e.g. because they are subject to the attorney-client privilege or work product doctrine, or meet the standards articulated by Fed. R. Civ. P. 26(c)(1)(G)), shall be filed under seal. Designation of material as confidential or protected by any party pursuant to a protective order as the sole basis for filing the material under seal shall not satisfy this requirement. With respect to any submission filed with the Court which is sealed and posed on ECF with a placeholder, the sealed submission shall be sent electronically or hand delivered to all parties and <u>hand delivered to the Court</u> contemporaneously with the documents being posted on ECF.

(2) Discovery of Electronically Stored Information. The parties have discussed issues about disclosure or discovery of electronically stored information as required by Fed. R. Civ. P. 26(f), including the form or forms in which it should be produced.

The Court refers counsel to "Discussion of Electronic Discovery at Rule 26(f) Conferences: A Guide for Practitioners," developed by the Federal Practice Committee, to help attorneys and parties prepare for a meaningful discussion of electronic discovery issues early in the litigation. The Guide is available on the Court's website under the Court Forms tab, in the "Pretrial, Discovery, and Trial Forms" section.

**Electronically Stored Information and Non-Electronically Stored Information shall be produced to the requesting party as text searchable image PDF files or in hard copy. If the requesting party**

>**disagrees with the form in which the electronically stored information is initially produced, the parties agree to meet and confer to determine the most appropriate form of the production.**
>
>**The parties will further meet and confer by September 20, 2016 to discuss their plan or formal protocol for electronic discovery. They agree to present any disputes regarding an electronic discovery plan and protocol to the Court by September 29, 2016.**

(3)  Claims of Privilege or Protection.

>The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, as required by Fed. R. Civ. P. 26(f)(3)(D), including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evidence 502.

(4)  The parties:

>√Agree that a party should be required to request an informal conference with the Court before filing any discovery motion;
>
>☐ Agree that a party should not be required to request an informal conference with the Court before filing any discovery motion; or
>
>☐Do not agree whether a party should be required to request an informal conference with the Court before filing any discovery motion.
>
>Before moving for an order relating to discovery, the movant must request a conference with the Court.

Proposed Motion Schedule.

>The parties propose the following deadlines for filing motions:

(1)  Motions seeking to join other parties must be filed and served by: **December 1, 2016**.

(2)  Motions seeking to amend the pleadings must be filed and served by: **December 1, 2016**.

(3)  Non-dispositive motions:

>(a)  All non-dispositive motions relating to fact discovery must be filed and served by **May 1, 2017**.

5

121704633v2 0988341

      (b)    All other non-dispositive motions, including motions relating to expert discovery and punitive damages, must be filed and served by **May 1, 2017**.

      The parties must meet and confer to resolve all discovery disputes and other non-dispositive issues prior to filing any motions.

  (4)    All dispositive motions must be filed, served and heard by **August 1, 2017**.

Trial-Ready Date.

  (1)    The parties agree that the case will be ready for trial on or after **October 2017**.

  (2)    The anticipated length of the jury trial is three days.

  (3)    The parties propose that the final pretrial conference be held on or before **September 15, 2017**.

Insurance Carriers/Indemnitors.

    List all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured.

**Defendant:**

Settlement.

    The parties will discuss settlement at the Rule 26(f) meet-and-confer and each party has contemporaneously emailed a confidential letter setting forth what settlement discussions have taken place and whether the party believes an early settlement conference would be productive, as provided in Magistrate Judge Menendez's Notice of Pretrial Conference.

Trial by Magistrate Judge.

The parties have not agreed to consent to jurisdiction by the Magistrate Judge under 28 U.S.C. § 636(c). (If the parties agree to consent, file the consent with the Rule 26(f) Report.)

| ATTORNEYS FOR PLAINTIFF | ATTORNEY FOR DEFENDANT |
|---|---|
| By: s/ Thomas J. Lyons Jr. | By: s/ Ellen B. Silverman |
| Thomas J. Lyons, Jr., Esq. | Ellen B. Silverman, Reg. No. 387387 |
| Attorney I.D. #: 0249646 | Ashley M. Brettingen, Reg. No. 393611 |
| CONSUMER JUSTICE CENTER, P.A. | HINSHAW & CULBERTSON LLP |
| 367 Commerce Court | 333 South Seventh Street, Suite 2000 |
| Vadnais Heights, MN 55127 | Minneapolis, MN 55402 |
| Telephone: (651) 770-9707 | Telephone: 612-333-3434 |
| Facsimile: (651) 704-0907 | Facsimile: 612-334-8888 |
| tommycjc@aol.com | esilverman@hinshawlaw.com |
|  | abrettingen@hinshawlaw.com |
| Brandon T. McDonough, Esq. |  |
| Attorney I.D. #: 0393259 | Dated: September 14, 2016 |
| Nicholas R. Nowicki, Esq. |  |
| Attorney I.D. #: 0395038 |  |
| MCDONOUGH & NOWICKI PLLC |  |
| 555 7th Street W, Suite 306 |  |
| St. Paul, MN 55102 |  |
| Telephone: 612-217-0259 |  |
| Facsimile: 651-444-5262 |  |
| brandon@mcnowick.com |  |
| nik@mcnowick.com |  |

Dated: September 14, 2016

121704633v2 0988341