UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Tamara Jax,

    Plaintiff,

v.

loanDepot.com, LLC,

    Defendant.

)
)
)
)
)
)
)
)
)
)

Civil File No. 16-cv-01966-SRN-KMM

**DEFENDANT'S ANSWER AND
AFFIRMATIVE DEFENSES TO
PLAINTIFF'S AMENDED
COMPLAINT**

Defendant loanDepot.com, LLC ("loanDepot") by and through its undersigned counsel, answers Plaintiff Tamara Jax's Amended Complaint as follows:

Except as expressly admitted or qualified hereafter, loanDepot denies each and every allegation of the Amended Complaint.

## INTRODUCTION

1.  With respect to the allegations in paragraph 1 of the Amended Complaint, loanDepot admits only that Plaintiff purports to bring this action against it. LoanDepot affirmatively denies that it violated the Fair Credit Reporting Act.

## PARTIES

2.  LoanDepot lacks information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Amended Complaint.

3.  With respect to the allegations in paragraph 3 of the Amended Complaint, loanDepot admits that it is a Delaware limited liability company and that its corporate headquarters are located in California.

4.     The allegations in paragraph 4 of the Amended Complaint are legal assertions to which no response by loanDepot is necessary.

## JURISDICTION AND VENUE

5.     With respect to the allegations in paragraph 5 of the Amended Complaint, loanDepot admits only that jurisdiction is proper in this Court. LoanDepot denies that Plaintiff is entitled to the relief she seeks from loanDepot.

6.     With respect to the allegations in paragraph 6 of the Amended Complaint, loanDepot admits only that venue is proper in this Court.  LoanDepot denies that Plaintiff is entitled to the relief she seeks from loanDepot.

7.     With respect to the allegations in paragraph 7 of the Amended Complaint, loanDepot admits only that jurisdiction is proper in this Court. LoanDepot denies that Plaintiff is entitled to the relief she seeks from loanDepot.

## FACTUAL ALLEGATIONS

8.     LoanDepot lacks information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Amended Complaint.

9.     LoanDepot lacks information sufficient to form a belief as to the truth of the allegations regarding what Plaintiff "wishes" in paragraph 9 of the Amended Complaint.

10.     With respect to the allegations in paragraph 10 of the Amended Complaint, loanDepot admits only that Plaintiff applied for a loan from loanDepot in 2014.

11.     LoanDepot admits the allegations in paragraph 11 of the Amended Complaint.

300059620v1 0988341

12.     LoanDepot lacks information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Amended Complaint.

13.     With respect to the allegations in paragraph 13 of the Amended Complaint, loanDepot admits that Plaintiff's 2014 loan application was denied and affirmatively states that the reason for the denial was "excessive obligations in relation to income."

14.     With respect to the allegations in paragraph 14 of the Amended Complaint, loanDepot admits only that Plaintiff applied for a loan from loanDepot in 2015.

15.     With respect to the allegations in paragraph 15 of the Amended Complaint, loanDepot admits only that Plaintiff's 2015 loan application was denied.

16.     LoanDepot denies the allegations in paragraph 16 of the Amended Complaint.

17.     LoanDepot denies the allegations in paragraph 17 of the Amended Complaint, and affirmatively states that the documents mailed to Plaintiff were part of the loan application process, they were not final loan documents.

18.     LoanDepot denies the allegations in paragraph 18 of the Amended Complaint.

19.     LoanDepot lacks information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Amended Complaint.

20.     LoanDepot lacks information sufficient to form a belief as to the truth of the allegations regarding what Plaintiff "discovered" in paragraph 20 of the Amended Complaint.

300059620v1 0988341

21.     The allegations in paragraph 21 of the Amended Complaint are legal assertions to which no response by loanDepot is necessary.

22.     The allegations in paragraph 22 of the Amended Complaint are legal assertions to which no response by loanDepot is necessary.

23.     LoanDepot lacks information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Amended Complaint.

24.     LoanDepot lacks information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Amended Complaint.

25.     LoanDepot admits the allegations in paragraph 25 of the Amended Complaint.

26.     The allegations in paragraph 26 of the Amended Complaint are legal assertions to which no response by loanDepot is necessary.

27.     LoanDepot denies the allegations in paragraph 27 of the Amended Complaint.

28.     LoanDepot lacks information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Amended Complaint.

29.     LoanDepot lacks information sufficient to form a belief as to the truth of the allegations regarding what Plaintiff "learned" in paragraph 29 of the Amended Complaint.

30.     LoanDepot lacks information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Amended Complaint.

300059620v1 0988341

31.     LoanDepot lacks information sufficient to form a belief as to the truth of the allegations regarding what Plaintiff "learned" in paragraph 31 of the Amended Complaint.

32.     With respect to the allegations in paragraph 32 of the Amended Complaint, loanDepot admits only that Plaintiff called loanDepot in 2016 to discuss credit pulls performed by loanDepot. LoanDepot denies any allegations in paragraph 32 of the Amended Complaint that differ from or contradict the above statements.

33.     With respect to the allegations in paragraph 33 of the Amended Complaint, loanDepot admits only that Plaintiff called loanDepot in 2016 to discuss credit pulls performed by loanDepot. LoanDepot denies any allegations in paragraph 33 of the Amended Complaint that differ from or contradict the above statements.

34.     With respect to the allegations in paragraph 34 of the Amended Complaint, loanDepot denies that the credit pulls it performed on Plaintiff were excessive. LoanDepot denies any allegations in paragraph 34 of the Amended Complaint that differ from or contradict the above statements.

35.     LoanDepot denies the allegations in paragraph 35 of the Amended Complaint.

36.     LoanDepot denies the allegations in paragraph 36 of the Amended Complaint.

37.     LoanDepot denies the allegations in paragraph 37 of the Amended Complaint.

300059620v1 0988341

38.     LoanDepot denies the allegations in paragraph 38 of the Amended Complaint.

## TRIAL BY JURY

39.     With respect to the allegations in paragraph 39 of the Amended Complaint, loanDepot admits only that Plaintiff has demanded a trial by jury.

## CAUSE OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

40.     With respect to the allegations in paragraph 40 of the Amended Complaint, loanDepot incorporates by reference its responses to paragraphs 1 through 39 of the Amended Complaint.

41.     LoanDepot denies the allegations in paragraph 41 of the Amended Complaint.

42.     LoanDepot denies the allegations in paragraph 42 of the Amended Complaint.

43.     LoanDepot denies the allegations in paragraph 43 of the Amended Complaint.

44.     LoanDepot denies the allegations in paragraph 44 of the Amended Complaint.

45.     LoanDepot denies the allegations in paragraph 45 of the Amended Complaint.

300059620v1 0988341

## PRAYER FOR RELIEF

With respect to Plaintiff's prayer for relief, loanDepot denies that Plaintiff has suffered, or is entitled to, any damages from loanDepot.

## AFFIRMATIVE DEFENSES

1.      The Amended Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

2.      Plaintiff lacks standing to assert a claim under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*

3.      Plaintiff fails to mitigate her damages, if any.

4.      Plaintiff's damages, if any, were caused by the actions and/or inaction of third parties and/or intervening causes over which loanDepot has no control.

5.      To the extent that the Plaintiff seeks exemplary or punitive damages, such a request violates loanDepot's rights under the Due Process and Excessive Fines clauses of the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

6.      LoanDepot asserts the affirmative defense of privilege.

7.      LoanDepot asserts the affirmative defense of immunity.

8.      Plaintiff's claims are barred in whole, or in part, by the equitable theories of estoppel, waiver, ratification, laches and/or unclean hands.

9.      LoanDepot asserts the affirmative defenses of comparative negligence, comparative causation, and/or comparative responsibility and asks the Court to reduce any judgment against loanDepot by the degree of negligence or causation attributed to Plaintiff or to any other person.

300059620v1 0988341

10.     Plaintiff has not been damaged by loanDepot.

11.     LoanDepot acted at all times in compliance with all applicable statutes.

12.     Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

13.     LoanDepot reserves the right to assert additional affirmative defenses as they are discovered through the course of discovery.

WHEREFORE, loanDepot.com, LLC prays that the Court:

1.      Dismiss Plaintiff's Amended Complaint against loanDepot.com, LLC, on the merits and with prejudice, and order that Plaintiff shall take nothing by her Amended Complaint in this action;

2.      Award loanDepot.com, LLC all costs, disbursements, and reasonable attorney's fees recoverable under the law; and

3.      Enter any other relief that the Court concludes is just and equitable.

Dated: June 14, 2017                    **Hinshaw & Culbertson LLP**

                                        _/s/ Rory C. Mattson_
                                        Ellen B. Silverman, Reg. No. 387387
                                        Ashley M. Brettingen, Reg. No. 393611
                                        Rory C. Mattson, Reg. No. 395518
                                        333 South Seventh Street, Suite 2000
                                        Minneapolis, MN 55402
                                        Telephone: 612-333-3434
                                        Facsimile: 612-334-8888
                                        esilverman@hinshawlaw.com
                                        abrettingen@hinshawlaw.com
                                        rmattson@hinshawlaw.com

                                        Attorneys for Defendant loanDepot.com, LLC